GUY R. COHEN (GC 2353)
GREGG L. BROCHIN (GB 4946)
DAVIS & GILBERT LLP
1740 Broadway
New York, New York 10019
(212) 468-4800
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRADLEY KRONEN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>YOUNG & RUBICAM, INC. d/b/a BURSON-MARSTELLER, LLC and BURSON-MARSTELLER ASSOCIATES, INC., and LISA KOVITZ<br><br>                    Defendants. | 04 Civ. 3434 (PKC)<br><br>**DEFENDANTS'**<br>**PROPOSED JURY CHARGES** |

Defendants Young & Rubicam, Inc., Burson-Marsteller, LLC ("collectively, "Burson") and Lisa Kovitz respectfully request that the following standard and non-standard jury instructions be read to the jury.

New York, New York
April 19, 2006

Respectfully submitted,

DAVIS & GILBERT LLP

Guy R. Cohen
Gregg L. Brochin

1740 Broadway
New York, New York 10019
(212) 468-4800
Attorneys for Defendants

# I.   STANDARD INSTRUCTIONS

Defendants' respectfully request the following standard instructions, which are taken from Federal Jury & Practice Instructions, 5th Ed.

PRELIMINARY INSTRUCTIONS TO JURY
-Opening Instructions.................................................................. §101.01
-Order of Trial............................................................................ §101.02
-Province of Court and Jury........................................................ §101.10
-Jury Conduct............................................................................. §101.11
-Note Taking– Permitted............................................................ §101.13
-Bench Conferences.................................................................... §101.31
-Evidence in the Case................................................................. §101.40
-Burden of Proof……................................................................. §101.41
-Credibility of Witnesses............................................................ §101.43
-What is Not Evidence................................................................ §101.44

INSTRUCTIONS AT END OF TRIAL
-General Instructions.................................................................. §103.01
-Use of Notes.............................................................................. §103.02
-Multiple Defendants…............................................................. §103.14
-Court's Comments Not Evidence.............................................. §103.33
-Preponderance of the Evidence................................................. §104.01
-Clear and Convincing Evidence................................................ §104.02
-"If You Find," or "If you Decide"............................................. §104.04
-Direct and Circumstantial Evidence.......................................... §104.05
-Inferences Defined.................................................................... §104.20
-Charts and Summaries............................................................... §104.50
-Number of Witnesses................................................................ §104.54
-Discrepancies in Testimony...................................................... §105.01
-Impeachment- Inconsistent Statements or Conduct................... §105.04
-Effect of Prior Inconsistent Statements or Conduct.................. §105.09
-All Available Evidence Need Not be Produced.......................... §105.11
-Election of Foreperson, Duty of Deliberate,
    Communications with Court, Unanimous Verdict, From......... §103.50

## II.    DEFENDANTS' REQUESTED NON-STANDARD INSTRUCTIONS

Defendants, by and through their undersigned counsel, hereby submit the following proposed modified or non-standard jury instructions pertaining to the claims and damages in this case.  Defendants respectfully request the opportunity to supplement and amend these requests as necessary to conform to the testimony, evidence and rulings at trial.

1.  Summary of Plaintiff's Claim
2.  Elements of an FMLA Claim
3.  Entitlement to FMLA Medical Leave
4.  Notice Required For Unforeseeable FMLA Leave:  Timing
5.  Notice Required For Unforeseeable FMLA Leave:  Content
6.  Individual Liability Under the FMLA
7.  Disability Defined
8.  Reasonable Accommodation Defined
9.  Reasonable Accommodation Entitlement Limited To Needs Cause By Disability
10.  Employee Must Inform Employer Of His Need For A Reasonable Accommodation
11.  Employer May Provide Reasonable Accommodation Of Its Choice
12.  Plaintiff's Requirements Regarding His Reasonable Accommodation Claim Against The Corporate Defendants
13.  Corporation as Defendant
14.  Reasonable Accommodation Claim Against Lisa Kovitz
15.  Damages Charge Does Not Imply Liability
16.  Damages Must Be Reasonably Certain
17.  FMLA Compensatory Damages
18.  Reasonable Accommodation Compensatory Damages
19.  Mitigation Duty
20.  Punitive Damages
21.  Witness Credibility
22.  Interest in Outcome

### 1.  Summary of Plaintiff's Claims

Kronen has brought two claims.  The first is brought under the Family and Medical Leave Act, which I will refer to as the "FMLA."  The second is brought under both the New York State and New York City Human Rights Laws.  I will now tell you about each of these claims.

Under the FMLA, an eligible employee who provides proper notice to his employer is entitled to take up to 12 weeks of medical leave per year for a serious health condition that makes the employee unable to perform his job.  Such leave may be taken over one continuous period of time, or it may be taken "intermittently," meaning that it may be taken in separate blocks of time, ranging from a portion of a work day to several work days per week, depending on the nature and effects of the employee's serious medical condition.

In these instructions, and in the verdict form you will receive, there will be references to "FMLA-protected leave."  FMLA-protected leave refers to any leave of absence taken by an employee that meets the criteria I just identified, and which I will soon describe in greater detail.

Under both New York State and New York City law, an employer is required to provide reasonable accommodations to the known disabilities of their employees to enable them to perform their job functions.

I will now give you specific guidelines to follow in your deliberations as to each of Kronen's claims.

Authority:   Complaint; 29 U.S.C. § 2612(a)(1) (entitlement to leave); 29 U.S.C. § 2612(b)(1) (leave taken intermittently); N.Y. Exec. Law § 296.3 (reasonable accommodation obligation); N.Y.C. Admin. Code § 8-107.15(a) (same); 29 C.F.R. § 825.203 (intermittent leave).

## 2.  Elements Of An FMLA Claim

Under the FMLA, it is unlawful for an employer to interfere with, restrain, or deny the exercise of any right provided by the FMLA.  Kronen claims that Burson-Marsteller interfered with his rights under the FMLA by allegedly terminating his employment for taking FMLA-protected leave.  Burson-Marsteller denies Kronen's allegations and asserts that it did not terminate his employment for taking FMLA-protected leave.

To prove that Burson-Marsteller terminated his employment in violation of the FMLA, Kronen must demonstrate, by a preponderance of the credible evidence, that: (1) he took FMLA-protected leave; and (2) his taking of FMLA-protected leave was a motivating factor in Burson-Marsteller's decision to terminate his employment.  I will now give you more detailed instructions concerning these two criteria.

Authority:  29 U.S.C. § 2615(1)(1); Model Jury Instructions, Employment Litigation, Second Edition ("MJIEL"), § 8.11; *Mann v. Mass. Corea Elec.*, 00 CIV. 3559, 2002 U.S. Dist. LEXIS 949, at *22 (S.D.N.Y. Jan. 23, 2002) (explaining the elements required to show that an employee was denied an FMLA entitlement); *Abrams v. Duane Reade*, 04 CIV 5518, 2005 U.S. Dist. LEXIS 28785, at *20 (noting that the plaintiff must prove that the adverse decision was "motivated by" his intention to exercise his rights under the FMLA).

### 3. Entitlement to FMLA Medical Leave

For any leave of absence he took to qualify as FMLA-protected leave, Kronen must prove the following: (1) he had a serious health condition; (2) he took the leave of absence because the serious health condition rendered him unable to perform the functions of his job; and (3) he gave Burson-Marsteller proper notice of his intention to take an FMLA-protected leave.

To prove that he had a serious health condition, Kronen must demonstrate that he had an illness, injury, impairment, or physical condition that required continuing treatment by a health care provider and any one or more of the following:

(i) A period of incapacity of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

(A) Treatment two or more times by a health care provider, or

(B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

(ii) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(A) Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

(B) Continues over an extended period of time (including recurring episodes of a single underlying condition); and

(C) May cause episodic rather than a continuing period of incapacity.

In order for a given leave of absence to qualify as FMLA-protected leave, Kronen must demonstrate not only that he had a serious health condition, but that the serious health condition caused him to take the leave of absence by rendering him unable to perform the functions of his job.

Authorities:  29 U.S.C. § 2612(a)(1)(D) (authorizing FMLA leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position"); 29 C.F.R. § 825.114 (defining "serious health condition"); MJIEL § 8.01 ("Defining 'Entitlement to Leave'"); 29 C.F.R. § 825.115 ("An employee is 'unable to perform the functions of the position' where the health care provider finds that the employee is unable to work at all or is unable to perform any one of the essential functions of the employee's position within the meaning of the Americans with Disabilities Act... ."; 29 C.F.R. § 825.117 ("For intermittent leave or leave on a reduced leave schedule, there must be a medical need for leave (as distinguished from voluntary treatments and procedures) and it must be that such medical need can be best accommodated through an intermittent or reduced leave schedule.").

### 4.  Notice Required For Unforeseeable FMLA Leave:  Timing

A leave of absence will only be an FMLA-protected leave if the employee gives the employer adequate notice of the need for leave.  There are two separate and discrete issues you must consider in evaluating the adequacy of the notice provided by the employee: one is the *timing* of the notice, and the other is *content* of the notice.

I will first discuss the timing of the notice.  There are different rules that apply when a medical leave is foreseeable and when it is unforeseeable.  In this case, the leaves of absence at issue relate to unforeseeable leave, so I will describe for you the standards for unforeseeable leave.  When the need for medical leave is unforeseeable, the employee must give notice to the employer of the need for FMLA leave as soon as "practicable" under the facts and circumstances of the particular case. "Practicable" is defined as, "Capable of being effected, done, or put into practice; feasible."  As the jury, it will be your responsibility to determine whether, for any particular leave of absence, Kronen provided notice to Burson-Marsteller as soon as practicable.

I instruct you, however, that an employee does not satisfy his obligation to provide notice as soon as practicable by informing the employer that he might be absent or late on some unspecified future date.  In order for any unforeseen leave of absence to constitute FMLA-protected leave, the employee must provide notice to the employer of the need for leave as soon as practicable upon becoming aware of the specific need for leave.

Authorities:  *Slaughter v. Am. Bldg. Maint. Co.*, 64 F. Supp. 2d 319, 328 (S.D.N.Y. 1999) (advance indication that employee may be absent as some unforeseen, future time does not satisfy FMLA notice requirement); *Adams v. Honda of Am. Mfg.*, 111 Fed. Appx. 353, 356 (6th Cir. 2004) (same); *Bailey v. Amsted Indus., Inc.*, 172 F.3d 1041, 1046 (8th Cir. 1999) (same); *King-Hardy v. Bloomfield Bd. of Educ.*, No. 3:01cv979, 2002 U.S. Dist. LEXIS 27349, at *26-27 n. 8 (D. Conn. Apr. 29, 2002) ("The existence of a medical

condition does not give an employee carte blanche to create her own schedule without communicating her circumstances to her employer."); 29 C.F.R. 825.303 ("When the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case."); Amer. Heritage Dictionary (4th ed. 2000) (defining "practicable).

## 5. Notice Required For Unforeseeable FMLA Leave:  Content

I will now turn to the content of the notice that is required in order for a particular leave of absence to be FMLA-protected leave.  As for the content of the notice, although an employee who requires leave for a serious medical condition is not required to specifically mention the FMLA, he must provide sufficient information about the nature of the leave to apprise the employer that the request for leave relates to a serious health condition.  Once an employee gives notice to an employer that a particular leave of absence may be an FMLA-qualifying leave, the employer must obtain additional details to determine whether the leave at issue qualifies under the FMLA.  Also, if an employer had prior knowledge of an existing medical condition, the employer may, depending on the circumstances, have an obligation to obtain additional details about an unforeseeable leave of absence to determine if it is FMLA-qualifying leave even if the employee's description of the nature of the leave is insufficient to apprise the employer that the leave relates to a serious health condition.  For example, if an employee tell his employer that he is taking a day off because his chest hurts, that may not be sufficient to apprise the employer that the employee has a serious health condition.  If, however, the employer knows that the employee recently had heart surgery, then the employee's description of the nature of the leave may be sufficient to trigger a duty on the employer's part to follow up about the nature of the leave.

As you have heard, Kronen took leaves of absence on a number of occasions. Your role is to analyze these leaves of absence and determine which, if any, of them qualify as FMLA-protected leave. Upon doing so, you must then determine whether Kronen has demonstrated, by a preponderance of the credible evidence, that his taking of FMLA-protected leave was a motivating factor in Burson-Marsteller's decision to terminate his employment.

Authorities: 29 C.F.R.§ 825.303 ("The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed. The employer will be expected to obtain any additional required information through informal means"); MJIEL § 8.02 ("[T]he employee is only obligated to provide the employer with enough information to put the employer on notice of the need for leave and that the reason for the leave is a qualifying reason under the FMLA"); *Lepore v. N.Y. Hotel Trades Council*, 05 Civ. 6165, 2005 U.S. Dist. LEXIS 27453, at *10 (S.D.N.Y. Nov. 10, 2005) (cited by Plaintiff regarding inquiry notice) (holding that employer had a duty to inquire where the employee submitted an FMLA request form stating that the employee would need to see her doctor weekly for twenty visits); *Darboe v. Staples, Inc.*, 243 F. Supp. 2d 5, 17 (S.D.N.Y. 2003) (cited by Plaintiff regarding inquiry notice) (holding that an employer had a duty to inquire further after an employee told his manager that he needed time off so that he could have surgery); *Jennings v. Parade Publ'ns*, 01 Civ. 8590, 2003 U.S. Dist. LEXIS 17088, at *8 (S.D.N.Y. Sept. 30, 2003) (cited by Plaintiff regarding inquiry notice) (holding that an employee's specific request for leave to take care of her son combined with some preliminary information about her son's condition may put an employer inquiry notice and obligate that employer to request from the employee additional information).

## 6.  Individual Liability Under the FMLA

In addition to bringing a claim against Young & Rubicam and Burson-Marsteller, Kronen has also brought an FMLA claim individually against Lisa Kovitz.  Kovitz, as an individual, may only be found liable under the FMLA if you determine that the company violated the FMLA and that Ms. Kovitz controlled, in whole or in part, Kronen's ability to take leave.

Authority:  *Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996) (employer, as defined in the Family Medical Leave Act, "extends to all those who controlled in whole or in part [plaintiff's] ability to take a leave of absence and return to her position.")

### 7.  Disability Defined

In addition to his claim under the FMLA, Kronen alleges that the defendants violated New York State and City law by failing to allowing him arrive late to work as a reasonable accommodation for an alleged disability.

The term "disability" means (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the employee from performing in a reasonable manner the activities involved in the job or occupation sought or held.

Authorities:  N.Y. Exec. Law § 292.21; N.Y.C. Admin. Code § 8-102.16

### 8.  Reasonable Accommodation Defined

Reasonable accommodation means actions taken which permit an employee with a disability to perform in a reasonable manner the activities involved in the job held, and include, among other things, provision of an accessible worksite, acquisition or modification of equipment, modified work schedules, and adjustments to work schedule for treatment or recovery.   Whether an accommodation that has been requested is a reasonable accommodation requires consideration of the following factors:

(1)     the efficacy or benefit provided by the accommodation toward removing the impediments to performance caused by the disability;

(2)     the convenience or reasonableness of the accommodation for the employer, including its comparative convenience as opposed to other possible accommodations; and

(3)     the hardships, costs, or problems it will cause for the employer, including those that may be caused for other employees

Authorities:  9 N.Y.C.R.R. § 466.11(a)(1) & (b)(1); NY Exec. Law § 292.21-e; NYC Admin. Code § 8-102.18.

### 9.  Reasonable Accommodation Entitlement Limited To Needs Cause By Disability

An employer is only obligated to provide a reasonable accommodation so that an employee with a disability may perform in a reasonable manner the activities involved in the job.   Not every disability will require an employer to consider reasonable accommodations.   Only those disabilities which actually impede the employee in performing his job will give rise to a consideration of accommodation.

Authorities:  NY Exec. Law § 292.21-e; NYC Admin. Code § 8-107.15(a) (an employer "shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job"); 9 N.Y.C.R.R. § 466.11(c)(3); *McKenzie v. Meridian Capital Group LLC*, 2005 NY Slip Op 50937U, 4, 8 Misc. 3d 1005A (Sup. Ct. Kings Cty. Mar. 24, 2005) (dismissing reasonable accommodation claim because plaintiff did not aver that she was unable to perform her job as result of her employer's removal of a special chair); *Mullen v. City of N.Y.*, 02 Civ. 103, 2003 U.S. Dist. LEXIS 11353 (S.D.N.Y. June 27, 2003) (holding that failure-to-accommodate claim should be dismissed, unless "the defendants refused to make reasonable accommodations for her *needs*") (emphasis added).

### 10.  Employee Must Inform Employer
### Of His Need For A Reasonable Accommodation

An employer is required to make reasonable accommodation to the known disabilities of an employee only when the employer is made aware of that employee's need for accommodation.  Therefore, Kronen is required to prove, by a preponderance of the credible evidence, that he asked Burson for the right to come in late without calling in, and that such a request was reasonable.

Authorities:  NY Exec. Law § 296.3(a); NYC Admin. Code § 8-107.15; *Pembroke v. N.Y. State Office of Court Admin.*, 306 A.D.2d 185, 185, 761 N.Y.S.2d 214, 216 (1st Dep't 2003)  ("In any event, even if defendant owed plaintiff a duty to accommodate his disability, plaintiff failed to satisfy his initial burden of showing that he proposed and was refused an objectively reasonable accommodation."); *Fallon v. Triborough Bridge & Tunnel Auth.*, 259 A.D.2d 377, 378, 687 N.Y.S.2d 123, 124 (1st Dep't 1999) (dismissing NYSHRL disability claim because plaintiff "makes no allegation that he requested an accommodation for his alleged disability and was refused"); Comment to PJI 9:4; Federal Employment Jury Instructions, Rev. 5 ("FEJI"), § 4:380 ("The ADA does not require an employer to guess at the actions it should take to provide a reasonable accommodation to an employee. It is not enough for the employee to make vague suggestions or references in this regard. Rather, it's the employee's responsibility to come forward and tell the employer specifically what [he/she] needs to be able to perform the job. Thus, if you determine that Plaintiff failed to request reasonable accommodations of a specific nature, then you may find that Defendant is not liable.") (quoting *Geuss v. Pfizer, Inc.*, 971 F. Supp. 164, 173 (D. Pa. 1996)).

## 11.  Employer May Provide Reasonable Accommodation Of Its Choice

Once an employee informs his employer of a need for reasonable accommodation, the employer has the right to select which reasonable accommodation will be provided, so long as it is effective in meeting the employee's need.  Employers are not required to provide an employee with the particular accommodation she requests.

Therefore, if you find that Kronen was disabled and asked Burson for a reasonable accommodation, you must find for the defendants if you decide that Burson reasonable accommodated Kronen disability, even if it did not provide the accommodation Kronen requested.

Authorities:  9 N.Y.C.R.R. § 466.11; *Fink v. N.Y. City Dep't of Pers.*, 53 F.3d 565, 567 (2d Cir. 1995) (the disability statutes do not "require the employer to provide every accommodation the disabled employee may request, so long as the accommodation provided is reasonable"); *McLean-Nur v. DOT*, 98 Civ. 819, 2000 U.S. Dist. LEXIS 3495, at *23-25 (S.D.N.Y. Mar. 21, 2000) (no reasonable-accommodation claim where defendant provided several reasonable accommodations).

**12.  Plaintiff's Requirements Regarding His**
**Reasonable Accommodation Claim Against The Corporate Defendants**

To demonstrate or prove his reasonable accommodation claim, Kronen must first prove, by a preponderance of the credible evidence, that he was disabled.  Then, he must prove, by a preponderance of the credible evidence, that he asked Burson for a reasonable accommodation.   Finally, Kronen must prove, by a preponderance of the credible evidence, that Burson did not provide him with the requested or another reasonable accommodation for his disability.

Authorities:  See citations to Instructions 7-11.

### 13.  Corporation as Defendant

In this case, defendants Young & Rubicam and Burson-Marsteller are corporations.  The mere fact that a party is a corporation does not mean it is entitled to any lesser or greater consideration by you.  All parties are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any individual.

Authority:  Model Federal Jury Instructions ("MFJI"), Instr. 72-1

### 14.  Reasonable Accommodation Claim Against Lisa Kovitz

In order for an individual such as Lisa Kovitz to be liable on a reasonable accommodation charge, Kronen must first prove his reasonable accommodation claim against his corporate employer.  In addition, Kronen must also prove that Ms. Kovitz individual actively participated in the corporate employer's failure to accommodate his disability.

Authorities:  *Kent v. Papert Cos.*, 309 A.D.2d 234, 247, 764 N.Y.S.2d 675, 685 (1st Dep't 2003) (dismissing NYSHRL discrimination claim against individual defendants because plaintiff could not prove the company discriminated against her); *Picinich v. UPS*, 321 F. Supp. 2d 485, 518 (N.D.N.Y. 2004) (holding that individuals are not liable under § 296 unless a plaintiff proves all of the elements of her substantive failure to accommodate claim "and that the individual defendants actually participated in the discrimination"); *Hirsch v. Columbia Univ.*, 293 F. Supp. 2d 372, 378 (S.D.N.Y. 2003) (dismissing a claim against an individual under the NY Human Rights Law where there was no allegation that the individual was "personally engaged" in discrimination).

## 15.  Damages Charge Does Not Imply Liability

I will next instruct you on the law regarding damages.  My charge to you on the law of damages, however, must not be taken as a suggestion that you should find for Krone.  It is for you to decide on the evidence presented and the rules of law I have given you whether Kronen is entitled to recover from the defendants.  If you decide that Kronen is not entitled to recover from the defendants, you need not consider damages.  Only if you decide that Kronen is entitled to recover will you consider the measure of damages.

Authority:  FEJI § 8:850

## 16.  Damages Must Be Reasonably Certain

Damages cannot be awarded on the basis of conjecture and guess work.  The law requires that the injury and the resulting damages be shown with reasonable certainty, and not left to speculation or conjecture.  No damages can be allowed except such as are shown by the proof to be, at least to a reasonable degree, certain.  Damages which are uncertain, contingent, or speculative, or which are not reasonably capable of computation, are not recoverable.

Authorities:  *Cullen v. Nassau County Civil Service Com.*, 53 N.Y.2d 492, 497 (1981) (holding that "[t]he record must contain proof that the complainant in fact suffered mental anguish or humiliation" for a plaintiff to be awarded damages for emotional injuries");  *McIntosh v. Irving Trust Co.*, 887 F. Supp. 662, 665 (S.D.N.Y. 1995) ("[C]ompensatory damages must be proven and not presumed.").

### 17.  FMLA Compensatory Damages

If you find by a preponderance of the credible evidence that the defendants violated the FMLA, then you must determine the amount of damages, if any, that Kronen has suffered as a direct result of defendants' violation.

If you find that Kronen has suffered the loss of wages, salary, benefits, or other compensation relating to his employment because of an FMLA violation, you must determine and award the amount of such lost wages, salary, benefits, or other compensation.  You may not award damages for emotional distress related to the FMLA claim.  You also may not award damages as a punishment, and damages cannot be imposed or increased to punish the defendants.  You may not award damages for court costs or attorneys fees.

Authority: 29 U.S.C. § 2617; MJIEL § 8.15

## 18.  Reasonable Accommodation Compensatory Damages

If you find that defendants failed to reasonably accommodate Kronen, then you must determine the amount of damages, if any, that Kronen has suffered as a direct result of defendants' failure to accommodate.

If you find that Kronen has suffered the loss of wages, salary, benefits, or other compensation relating to his employment because of a failure to reasonably accommodate a disability, you must determine and award the amount of such lost wages, salary, benefits, or other compensation.

In this case, you may also award damages to Kronen for any emotional distress or mental anguish that he experienced, if you find that the unlawful failure to reasonably accommodate Kronen's disability caused such damages.  You may not, however, award damages for emotional distress or mental anguish that were caused by factors other than a failure to accommodate.

Authorities:  FEJI § 4:980; ABA Employment Litigation Model Jury Instructions, Instr. 1.08[10][a]; MJIEL § 1.07[1] & 1.07[2].

## 19.  Mitigation Duty

If determining the amount of damages, if any, the Kronen is entitled to recover, the law provides that Kronen must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment.  This is called mitigation of damages.  However, it is the defendants' burden to prove by a preponderance of the evidence that Kronen failed to mitigate his damages.

If you determine that Kronen is entitled to damages, you must reduce those damages by the amount that Kronen actually earned following his discharge or the amount you determine that Kronen could have earned through a reasonable effort during the period from his discharge until the date of trial.

If you determine that Kronen failed to seek out or take advantage of a business or employment opportunity that was reasonably available to him, then you should reduce the amount of damages by the amount he could have earned if he would have sought out or taken advantage of the opportunity.  In determinaing whether Kronen's failure to seek out or take advantage of a business or employment opportunity was reasonable, you should be aware that Kronen is only required to accept employment that is of a like nature.  In determining whether employment is of a like nature, you may consider:

1.  the type of work,
2.  the hours worked,
3.  the compensation,
4.  the job security,
5.  the working conditions, and
6.  other conditions of employment.

Authority:  MJIEL § 1.07[05].

## 20.  Punitive Damages

If you find that defendants are liable for failing to reasonably accommodate Kronen, in addition to awarding damages to compensate Kronen for the injuries caused by the defendants, if any, you may but you are not required to, award him punitive damages if you find that defendants' failure to accommodate him was done with malice or reckless indifference to Kronen's legal rights.

An act or omission is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights.  An act or omission is reckless when it is done or not done is such a way and under such circumstances as to show conscious indifference and utter disregard of its effect on the rights of the plaintiff. A positive element of conscious wrongdoing is required for an award of punitive damages.

Authorities:  42 U.S.C. § 1981a(b)(1) (permitting punitive damages award under Title VII if "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."); *Greenbaum v. Handelsbanken*, 67 F. Supp. 2d 228, 262 (S.D.N.Y. 1999) (holding that the standard for imposing punitive damages under the NYCHRL is "'virtually identical' to the standard under Title VII: they [both] require, for an award of punitive damages, that a defendant not only intentionally discriminate but do so in the face of a perceived risk that these actions are prohibited by law"); *Kolstad v. Ada*, 527 U.S. 526, 538 (1999); *Farias v. Instructional Sys.*, 259 F.3d 91, 101 (2d Cir. 2001); *Fortnow v. Hughes Hubbard & Reed, LLP*, 2005 NY Slip Op 52140U at 5 (Sup. Ct. N.Y. Cty., 2005) (quoting *New York University v Continental Ins. Co.*, 87 N.Y.2d 308, 316 (1995)) ("Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and 'morally reprehensible' and of 'such wanton dishonesty as to imply criminal indifference to civil obligations.'")

## 21.  Witness Credibility

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or his testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor – that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how the person says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against either party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of memory, candor or lack of candor, his or her intelligence, the reasonableness and

probability of his or her testimony and its consistency or lack of consistency and it

corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness

up in light of his or her demeanor, the explanations given and all of the other evidence in

the case.   Always remember that you should use your common sense, your good

judgment and your own life experience

Authority:  MFJI, Instr. 76-1.

## 22.  Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of their testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are some people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness' interest has affected their testimony.

Authority:  MFJI, Instr. 76-3.